IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERESA NEVILLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cv-131-RJD |
| ) | |
| JEFFREY GERSHMAN. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the parties' remaining pre-trial motions. First, Plaintiff's Motions in Limine (Doc. 45) asked the Court to bar the following evidence:

> **3) Any testimony or argument regarding Plaintiff's hypothetical medical condition, had the crash never occurred, should be excluded;**
>
> **4) Evidence, testimony, arguments and references to unrelated injuries and conditions should be excluded;**
>
> **13) Commentary on Plaintiff's truthfulness to medical providers.**

Defendant filed a Response (Doc. 49), objecting to motions 3, 4, and 13 to the extent those motions seek to exclude evidence of Plaintiff's medical history of back and neck pain, as well as evaluations and treatment for that pain. At the time of the final pretrial conference, the parties had not presented enough information to the Court to rule on these issues, but intended to depose Dr. Sincoff (Plaintiff's treating physician) and Dr. Donald DeGrange (Defendant's retained expert). The parties were ordered to file the deposition transcripts and cite to the portions of those

transcripts that supported their positions regarding Plaintiff's Motions in Limine Nos. 3,4, and 13. Defendant cites to the portions of Dr. Sincoff's testimony in which he states that the information found in Plaintiff's medical records regarding her prior back and neck injuries is "helpful" (Docs. 53 and 58). The Court therefore finds that evidence of Plaintiff's medical history of back and neck pain, as well as evaluations and treatment for that pain, is relevant. Plaintiff provides no additional support for her positions in Motions 3, 4, and 13. Plaintiff's Motions in Limine Nos. 3, 4, and 13 ARE DENIED as they pertain to evidence of Plaintiff's prior back and neck injuries, as well as evaluations and treatment for that pain. The parties are reminded that rulings *in limine* may be revisited based upon developments at trial. *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013) (*citing Luce v. U.S.*, 469 U.S. 38, 41-42 (1984)).

**Defendant's Motion to Exclude Testimony of Dr. Sincoff (Doc. 53)**

On February 28, 2022, Plaintiff disclosed her expert witnesses (Doc. 62-1). Plaintiff named approximately 11 treating physicians who "may" give causation opinions at trial (Id.) She disclosed all of those physicians and other healthcare providers pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), and thus those witnesses could only give opinions on the specific cause of Plaintiff's injuries if they formed those opinions as they treated Plaintiff. *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 833 (7th Cir. 2013). One of those physicians was Dr. Eric Sincoff.

The parties apparently never discussed which of those physicians Plaintiff truly intended to call at trial. At some point, Defendant disclosed that he had retained an expert witness who complied with the written report requirement found in Rule 26(a)(2)(B). Neither party deposed Defendant's retained expert (Dr. Donald DeGrange) before the discovery deadline. The dispositive motion deadline was June 22, 2022 (Doc. 32). Pursuant to the undersigned's case management procedures, all *Daubert* motions must be filed by the dispositive motion deadline.

The dispositive motion deadline passed with no filings by the parties.

From the party's filings, and statements made at the hearing on Defendant's Motion to Exclude, it is clear to the undersigned that neither party thought very seriously about this case until approximately six weeks before trial. Videotaped depositions of both Dr. DeGrange and Dr. Sincoff were scheduled to take place in early February, and then re-scheduled for February 23 (Dr. Sincoff) and February 27 (Dr. DeGrange). The Federal Rules of Evidence and Civil Procedure do not distinguish between "discovery" and "evidence" depositions as litigants in Illinois state court are able to do. *Compare* Fed. R. Civ. P. 32 *with* Ill. S. Ct. R. 212. However, neither party objected to the video recorded depositions of Dr. DeGrange and Dr. Sincoff taking place after the deadline for discovery and *Daubert* motions.[1]

Dr. Sincoff's deposition took place on February 23, 2023. Dr. Sincoff testified that he did not form his opinion on the cause of Plaintiff's symptoms until he was asked at his deposition, giving the following testimony in response to questioning by Defendant's counsel:

> Q: So would it be true to say—would it be true to say that after—well, when did you form your opinion as to the cause of her symptoms?
>
> A: When someone asked me the question.
>
> Q: And when were you first asked the question as to whether or not her neck symptoms were caused by the motor vehicle accident? When were you first asked that question?
>
> A: I think at the deposition today.
>
> Q: Okay. So would it be true to say that before today's deposition on February 23, 2023, you had not formed an opinion within a reasonable degree of medical certainty as to the cause of the symptoms in her neck which she presented to you for treatment. Would that be true?

---

[1] The undersigned acknowledges that a video recorded deposition of a practicing physician is a much more cost-effective and practical way to present his/her testimony.

      A.      I would have to review my notes.

      \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

      Q.      So if we're looking at the date that your formed your opinion as to the cause of her symptoms, it would be February 23, 2023, correct?

(objections by Plaintiff's attorney)

      A.      I think that would be accurate.

Doc. 54-1, p. 23.

One week later (and five days before trial), Defendant filed a Motion to Exclude Dr. Sincoff's testimony in its entirety (Doc. 53), contending that his opinions "fail[] to satisfy" Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Defendant argued that because Dr. Sincoff did not review Plaintiff's medical records of treatment that occurred prior to the car accident at issue in this case, Dr. Sincoff's opinions were barred by Rule 702 and *Daubert*. Dr. Sincoff testified that he based his opinions on his assessment of Plaintiff and the symptoms she reported to him, as well as his review of her radiology images taken after the car accident (Doc. 54-1, p. 12). Reliance by a treating physician on his/her physical exam, the patient's self-reported history, and review of imaging is hardly the type of "junk science" prohibited by *Daubert*. *Tuf Racing Products v. American Suzuki Motor Corp.*, 223 F.3d 585, 591 (7th Cir. 2000) ("the principle of Daubert is merely that if an expert witness is to offer an opinion based on science it must be real science, not junk science"). *Walker v. Soo Line R. Co.*, 208 F.3d 581, 586-87 (7th Cir. 2000) ("medical professionals reasonably may be expected to rely on self-reported patient histories"); *Manpower, Inc. v. Ins. Co. of Penn.*, 732 F.3d 796, 806 (7th Cir. 2013) ("[the court] usurps the role of the jury, and therefore abuses its discretion, if it unduly scrutinizes the quality of the expert's data and conclusions rather than the reliability of the

methodology the expert employed"). Regardless, the Court does not entertain *Daubert* motions filed five days before trial.

Defendant's better argument was that Dr. Sincoff was not properly disclosed under Rule 26(a)(2). According to Dr. Sincoff's testimony, he did not form his opinion regarding the cause of Plaintiff's injuries while he was treating her. Consequently, he should have prepared a report pursuant to Rule 26(a)(2)(B). *AutoZone, Inc.*, 707 F.3d at 833. From the parties' pleadings (Docs. 53, 62, 64, and 66) and their representations at the hearing conducted the afternoon before trial, it is clear that Plaintiff's error was harmless. *Cripe v. Henkel Corp.*, 858 F.3d 1110, 1112 (7th Cir. 2017).

Defendant was not surprised by Dr. Sincoff's causation opinion. Plaintiff disclosed that Dr. Sincoff "may" offer testimony at trial regarding causation. The Court recognizes that Plaintiff disclosed at least 10 treating physicians who might offer causation opinions at trial and certainly would not expect Defendant to depose every one of those physicians. However, Defendant never attempted to meet and confer with Plaintiff regarding the most likely candidate(s) to testify at trial, and never raised the issue with the Court (until five days before trial). Obviously, it was likely that at least *one* of Plaintiff's disclosed witnesses would attempt to offer a causation opinion at trial. Regardless, the *Daubert* motion deadline passed without the parties' discussing Plaintiff's specific causation witness. The parties appeared for a status conference on September 27, 2022 and agreed to a March 7, 2023 trial date, yet there was still no discussion (between themselves or with the Court) regarding Plaintiff's specific causation witness. Plaintiff scheduled Dr. Sincoff's deposition for February 23, 2023, with no objection from Defendant. The deposition of Defendant's expert occurred after Dr. Sincoff's deposition, so Defendant's expert could respond to Dr. Sincoff's causation opinion. At the hearing on Defendant's Motion to Exclude, the

undersigned asked counsel for Defendant whether he had any concern, after Dr. Sincoff's deposition was scheduled for February 23, 2023, that the *Daubert* motion deadline had passed. Defense counsel responded non-sensically, stating "Certainly, it is what it is. What can I say?"

In Defendant's Motion for Sanctions, Defendant asks the Court to strike Plaintiff's pleadings, dismiss the entire case with prejudice, and pay Defendant's attorney fees.   Defendant's Motion to Exclude essentially makes the same request; if the Court were to exclude Dr. Sincoff's testimony, Plaintiff would have no specific causation witness and her lawsuit likely dismissed with prejudice.   The Court is unwilling to take these Draconian steps because it appears that Plaintiff's error in disclosing Dr. Sincoff as a Rule 26(a)(2)(C) witness instead of disclosing a written report is harmless.   The only prejudice to Defendant is that he missed the *Daubert* deadline, but his *Daubert* arguments are dubious and even if they were not, Defendant waited until the eve of trial to raise objections to Plaintiff's expert disclosures.   The undersigned declines to place blame entirely on Plaintiff by disposing of her lawsuit.   Accordingly, Defendant's Motion to Exclude (Doc. 53) and Motion for Sanctions (Doc. 64) are DENIED.

**IT IS SO ORDERED.**

**DATED:   March 7, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**