IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERESA NEVILLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-131-RJD |
| | ) |
| JEFFREY GERSHMAN. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's "Motion for New Trial or Motion for Judgment Notwithstanding the Verdict" (Doc. 80) to which Defendant responded (Doc. 82), and Defendant's Bill of Costs (Doc. 78). Plaintiff objects to the Bill of Costs (81).

The Court's subject matter jurisdiction for this case arises under the diversity statute, 28 U.S.C. §1332. In her Complaint, Plaintiff alleged that on February 14, 2019, she was involved in a car accident as she traveled east on Interstate 64 in St. Clair County, Illinois. Doc. 1-2, p. 1. She alleged that Defendant Gershman's negligence caused the accident. *Id.*, pp. 1-2. In his deposition and at trial, Defendant Gershman admitted that he did not notice all three lanes of traffic heading eastbound on Interstate 64 heading were stopped until it was too late, and his car collided into the rear of Plaintiff's (stopped) car. Plaintiff testified that following the accident, she suffered back and neck pain. Defendant presented evidence reflecting that Plaintiff had complained of back and neck pain for approximately 17 years prior to the accident. *See, e.g.*, Doc. 53-15, pp. 18-21.

**Plaintiff's "Motion for Judgment Notwithstanding the Verdict, or, in the Alternative, for a New Trial"**

As a preliminary manner, the terminology "judgment notwithstanding the verdict" was abandoned in federal court in 1991 and replaced with "judgment as a matter of law" in Federal Rule of Civil Procedure 50.  *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 707 f.n. 1 (3d Cir. 1993).  Because "federal procedure controls in federal court", the undersigned construes Plaintiff's request for "judgment notwithstanding the verdict" as a request for posttrial relief under Rule 50.  *Sunny Handicraft (H.K.) Ltd. V. Envision This! LLC*, 66 F. 4th 1094, 1098 (7th Cir. 2023).  A Rule 50 posttrial motion is only proper if a Rule 50 motion was made before the case was submitted to the jury.  *Laborers' Pension Fund v. A&C Environmental, Inc.*, 301 F.3d 768, 775 (7th Cir. 2002).  Thus, Plaintiff's motion (to the extent she is seeking judgment as a matter of law) is denied because she did not make a Rule 50 motion before the case was submitted to the jury.

In any event, Plaintiff also moves for a new trial.  A new trial is granted under Federal Rule of Civil Procedure 59 "if the verdict is against the clear weight of the evidence."  *Hakim v. Safariland, LLC*, 79 F. 4th 861, 868 (7th Cir. 2023).  The jury's verdict should be overturned only if it "resulted in a miscarriage of justice" or "cried out to be overturned" or "shock[ed] [the] conscience."  *Plyler v. Whirlpool Corp.*, 751 F.3d 509, 513 (7th Cir. 2014) (internal citations and quotations omitted).

Plaintiff points to Defendant's retained expert, Dr. DeGrange, who testified that Plaintiff's neck and low back were injured as a result of the accident.  Doc. 80, p. 7.  Plaintiff also testified that immediately following the accident, she experienced pain; her own expert (a treating

physician) testified that Plaintiff had back and neck pain as a result of the car accident. However, the jury heard a multitude of evidence that Plaintiff had reported lower back and neck pain for nearly two decades before the accident.  *See*, *e.g.*, Docs. 53-1 through 53-13.  The jurors were instructed, *inter alia*, (1) they were not required to accept opinions by the experts; (2) Defendant Gershman admitted he was negligent, and they "need only decide whether [Defendant's] negligence was a proximate cause of injuries to Plaintiff." Doc. 73, pp. 11, 15.  Plaintiff did not object to these jury instructions.  The only damages Plaintiff sought were for pain and suffering, loss of normal life, and emotional distress.  *Id.*, p. 20.

Plaintiff's expert, Dr. Sincoff, examined Plaintiff.  His testimony revealed that Plaintiff's attorney had referred her to him, and that Plaintiff's attorney's law firm referred other patients to his practice for whom he ultimately gave depositions.  Doc. 53-15, pp. 16-17.  Dr. Sincoff testified repeatedly that on the occasions he examined Plaintiff, she never told him about her history of neck and low back pain, and that information would have been helpful for him to know when reaching opinions about the cause of her injuries.  See, e.g., *id.,* p. 15, 21.

On this evidence, the Court cannot find that the verdict is against the clear weight of the evidence.  The jury learned in detail about Plaintiff's history of seeking treatment for back and neck pain.  At trial, Defendant argued to the jury that both Plaintiff's and Dr. Sincoff's testimonies were not credible; namely, Plaintiff's only medical witness was a doctor to which her attorney referred her, and she did not mention her extensive history of back and neck pain to that doctor. The jury was properly instructed that they could weigh witnesses' credibility.  The jury was also properly instructed that they did not have to accept the testimony of either Dr. Sincoff or Dr. DeGrange as true.  From the evidence presented, the jury's decision that the car accident did not proximately cause Plaintiff to have pain and suffering, loss of normal life, and emotional distress

is no "miscarriage of justice" nor does the verdict "cr[y] out to be overturned" or "shock [the] conscience." *Plyler v. Whirlpool Corp.*, 751 F.3d at 513.

Moreover, Illinois substantive law indicates that Plaintiff is not entitled to a new trial. It is well-settled that where a defendant has admitted negligence, and even if the jury finds that the defendant's negligence proximately caused an injury that necessitated medical treatment, the jury may decline to award damages for pain and suffering if the only evidence of pain and suffering is subjective and not credible. *Snover v. McGraw*, 172 Ill. 2d 438, 440 (1996); *see also Springer v. Ethicon*, Case No. 17-c-3930, 2018 WL 1453553, *7 (N. D. Ill. Mar. 23, 2018).

*Snover* involved a car accident; at trial, the court directed liability in favor of plaintiffs. *Snover*, 172 Ill. 2d at 441. Following the accident, one of the plaintiffs sought treatment at an emergency room and then followed up with her primary care doctor several days later. *Id*. The plaintiff then underwent a CAT scan. *Id*. Four months later, she saw a neurologist and completed nine physical therapy sessions. *Id*. at 442. Her medical treatment from the day of the accident until the last physical therapy session cost $366. *Id*. The jury awarded her $366 and nothing for pain and suffering. *Id*. The Illinois Supreme Court ultimately found that the jury's decision to find Defendant liable for the cost of Plaintiff's medical treatment, but no pain and suffering, was not inconsistent because the plaintiff "had few, if any, objective symptoms of injury." *Id*. at 448-49.

Here, Plaintiff did not move for a directed verdict on liability, but the jury was instructed that Defendant admitted he was negligent. Plaintiff did not seek damages for medical bills. The jury was instructed that Plaintiff must prove that Defendant's negligence proximately caused her injuries, but the only damages Plaintiff sought were for pain and suffering, loss of normal life, and emotional distress.

Page **4** of **9**

Despite never seeking a directed verdict, Plaintiff now contends that "the evidence was conclusive and never in dispute: Defendant's admitted negligence was a proximate cause of injury to Plaintiff Teresa Neville." Doc. 80, p. 11. This argument is similar to what the Illinois Supreme Court rejected in *Snover*: in both cases, the jury had to decide whether the Defendant's negligence was a proximate cause of injury to the plaintiff. *See id*. at 440. In *Snover*, the jury found that the defendant's negligence was a proximate cause of injury to the plaintiff, as evidenced by the award of medical costs. The *Snover* plaintiff claimed that the jury therefore *had* to award damages for pain and suffering. *Id*. Here, Plaintiff claims that the jury *had* to find in favor of Plaintiff and award her damages for pain and suffering, because a defense verdict was inconsistent with the evidence.

Plaintiff's argument relies heavily on Dr. DeGrange's testimony in which he explained that, based upon Plaintiff's description of the incident, this accident caused her to have a low back strain and neck strain. Doc. 80, p. 6. Dr. DeGrange explained that "no objective measure of a muscle sprain or strain exists." *Id*., p. 7. To the extent that Dr. DeGrange agreed that Plaintiff was injured in the accident, he clarified it was based upon "what she described." *Id.,* pp. 6, 7, 9 .

Thus, similar to *Snover*, there was no objective evidence that Plaintiff suffered a serious medical injury caused by Defendant's negligence. *Snover*, 172 Ill. 2d at 449. Dr. Sincoff testified that Plaintiff's post-accident magnetic resonance imaging reflected an injury that would produce symptoms like Plaintiff's subjective symptoms, but there is no pre-accident magnetic resonance imaging for comparison, nor was Dr. Sincoff aware of Plaintiff's 17-year history of back and neck injuries. Doc. 53-15, p. 15, 55. Accordingly, while Defendant admitted negligence, and even if (as in *Snover*) the jury thought Defendant's negligence caused some physical injury to Plaintiff, the jury was "well within the confines of the evidence in concluding"

that Defendant's negligence did not proximately cause Plaintiff pain and suffering, loss of normal life, or emotional distress. *Id*. (jury could conclude that the plaintiff "suffered only minimal discomfort, which was not compensable.").

Plaintiff's remaining arguments are also unpersuasive. He faults the Court for denying a jury instruction that she proposed, Illinois Pattern Jury Instruction No. 3.03, which states:

> Whether a party is insured or not has no bearing on any issue that you must decide. You must refrain from any inference, speculation, or discussion about insurance.
>
> If you find for the Plaintiff Teresa Neville, you shall not speculate about or consider any possible sources of benefits the plaintiff may have received or might receive. After you have returned your verdict, the court will make whatever adjustments are necessary in this regard.

The Court declined to give this instruction because there was no evidence presented regarding Defendant Gershman's insurance. A new trial is warranted only if the jury instructions "as a whole..misled the jury." *Karahodzic v. JBS Carriers, Inc.*, 881 F.3d 1009, 10016 (7th Cir. 2018). Plaintiff presents no argument to suggest the jury was misled by the instructions, and nothing in the record before the Court suggests they were misled.

Plaintiff argues that this instruction was so imperative because the issue of insurance was "interjected" at trial. On at least one occasion during trial, defense counsel argued that the jury should not find Defendant Gershman "had to pay" for Plaintiff's injuries. Defense counsel did so in the context of liability. The clear point of his argument was that Defendant Gershman should not "pay" for Plaintiff's injuries, because the accident did not cause her neck and back pain. There was no reference or implication that Defendant Gershman could not pay, and either was or was not insured. Defense counsel's statements in this case are a far cry from the following examples cited by Plaintiff: in *Koonce ex rel. Koonce v Pacilio*, 307 Ill. App. 3d 449, 455 (1st Dist. 1999),

defense counsel argued to the jury that the defendants were honest, hardworking people who could lose "everything" they had worked for if the jury rendered a verdict against them; in *Imparato v. Rooney*, 255 Ill. App. 3d 11, 13 (1st Dist. 1981), the plaintiff's attorney asked the venire if they held insurance policies by the company who insured the defendant;  in *Lenz v. Julian*, 276 Ill. App. 3d 66, 74-75 (2d Dist. 1995), defense counsel told the jury "I don't think it's fair that [Defendant] for the next 50 years [should make payments to the plaintiff]"; or that the defendant "was not here to be hit with a money verdict" *Rush v. Hamdy*, 255 Ill. App. 3d 352, 360 (4th Dist. 1993).

Finally, one of the medical records used by Defendant in his cross-examination of Plaintiff's medical expert was an evaluation conducted as part of Plaintiff's pre-accident attempt to qualify for disability related to her back and neck pain.  Doc. 53-13.  The first page of the evaluation states that it was sent to the "Office of Rehab Services, Disability Determination."  *Id*., p. 1.  Defense counsel did not dwell on the record or mention its purpose.  It was one of many pre-accident medical records presented to the jury that reflected Plaintiff's long-standing complaints of back and neck pain.

Whether the issues argued by Plaintiff (that the jury found in favor of Defendant, the Court's refusal to give Illinois Pattern Instruction 3.03, defense counsel's statement(s) insinuating that Defendant should not have to pay for Plaintiff's back and neck pain, the record of a physical exam for Plaintiff's application to receive disability benefits) are viewed in isolation or in concert, Plaintiff has failed to establish that she is entitled to a new trial.  For the reasons explained above, the verdict does not shock the conscience, cry out to be overturned, or represent a miscarriage of justice.  Plaintiff's Motion for a New Trial is DENIED.

**Bill of Costs**

Federal Rule of Civil Procedure 54(d)(1) allows the Court to award costs to the prevailing party as allowed by statute. Defendant filed a Bill of Costs that includes the cost of obtaining Plaintiff's medical records, printed deposition transcripts, and videography services for the deposition of his expert, Dr. DeGrange. Doc. 78. Plaintiff objects, contending that her claim was not frivolous and assessing costs against her would effectively punish her for "exercising her right to a jury trial." Doc. 81. The Court acknowledges that Plaintiff's case was not frivolous, but Rule 54 nonetheless provides that Defendant may collect his costs as allowed by statute.

Under 28 U.S.C. §1920(2), the Court may tax the costs of both the printed and electronically recorded transcript of the same deposition, provided that the prevailing party establishes that both versions of the transcripts are "reasonable and necessary." *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). In his original Bill of Costs and subsequent "Motion for Bill of Costs" (Doc. 84), Defendant made no effort to explain to the Court why it was necessary to obtain both a printed copy of the transcript and to record via video Dr. DeGrange's deposition. The cost of the videography services was $932.50. The Court suspects that it was more practical for Defendant to videotape the deposition of Dr. DeGrange rather than ask the doctor to step away from his practice for a day to testify in Court, but the Court will not order Plaintiff to pay the extra $932.50 in videography costs without Defendant making that argument for himself.

Defendant also asks for the costs to obtain and print Plaintiff's medical records, which is allowed under 28 U.S.C. §1920(4). The costs of Plaintiff's medical records, in addition to the costs of deposition transcripts, totals $4,395.39. The Clerk of Court is directed to tax Plaintiff Teresa Neville in the amount of $4,395.39 in favor of Defendant Jeffrey Gershman.

**IT IS SO ORDERED.**

**DATED:   March 25, 2024**

*s/  Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**